UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                     :

In re REFCO, INC. SECURITIES LITIGATION     :      07 MDL No. 1902 (GEL)

                                       :

------------------------------------- X

------------------------------------- X
                                       :

KENNETH M. KRYS and CHRISTOPHER      :
STRIDE, as JOINT OFFICIAL LIQUIDATORS   :      08 Civ. 3086 (GEL)
of SPHINX LTD.,                            :

                Plaintiffs,           :

   -against-                           :

CHRISTOPHER SUGRUE, *et al.*,           :

                Defendants.        :

------------------------------------- X

### DECLARATION OF ROSS E. FIRSENBAUM
### IN SUPPORT OF THE REMOVING DEFENDANTS'
### OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND/OR ABSTENTION

     I, ROSS E. FIRSENBAUM, hereby declare under penalty of perjury as follows:

     1.     I am an associate at the firm of Wilmer Cutler Pickering Hale and Dorr LLP,

counsel for Defendants JP Morgan Chase & Co., Credit Suisse Securities (USA) LLC, and Banc

of America Securities LLC (the "Bank Defendants") in the above-captioned action. I

respectfully submit this Declaration in further support of the Removing Defendants' Opposition

to Plaintiffs' Motion for Remand and/or Abstention.

     2.     Attached hereto as Exhibit A is a true and correct copy of the Complaint in

*Kirschner v. Grant Thornton LLP et al.*, No. 07 L 8818 (Ill. Ct. Cl. Aug. 21, 2007).

3.      Attached hereto as Exhibit B is a true and correct copy of the Memorandum-Decision, Findings of Fact, and Recommendation in *In re Agway, Inc.*, No. 02-65872, Adv. Pro. 04-80269 (Bankr. N.D.N.Y. Mar. 6, 2006).

4.      Attached hereto as Exhibit C is a true and correct copy of the Memorandum of Law in Support of Plaintiffs' Motion to Remand, or in the Alternative, for Abstention in *Krys et al. v. Aaron et al.*, No. 08 Civ. 1902 (JBS) (D. N.J. May 16, 2008).

5.      Attached hereto as Exhibit D is a true and correct copy of the Fifth Amended Plan of Liquidation of PlusFunds Group, Inc. Under Chapter 11 of the United States Bankruptcy Code executed by the parties in the Chapter 11 case entitled PlusFunds Group, Inc., No. 06-10402 (JMP) (Bankr. S.D.N.Y. June 28, 2007).

6.      Attached hereto as Exhibit E is a true and correct copy of the SPhinX Trust Agreement in the Chapter 11 case entitled PlusFunds Group, Inc., No. 06-10402 (JMP) (Bankr. S.D.N.Y. July 26, 2007).

7.      Attached hereto as Exhibit F is a true and correct copy of the Order (I) Confirming the Debtor's Fifth Amended Plan of Liquidation of Plusfunds Group, Inc., dated June 28, 2007, under Chapter 11 of the United States Bankruptcy Code Section 1129 and Bankruptcy Rule 3020; (II) Approving Settlements in Connection Therewith; and (III) Granting Related Relief entered by the Honorable James Peck in the Chapter 11 case entitled PlusFunds Group, Inc., No. 06-10402 (JMP) (Bankr. S.D.N.Y. Aug. 7, 2007).

8.      Attached hereto as Exhibit G is a true and correct copy of the Motion of Trustee for the Sphinx Funds Trust for Rule 2004 Examinations filed in the Chapter 11 case entitled PlusFunds Group, Inc., No. 06-10402 (JMP) (Bankr. S.D.N.Y. Dec. 20, 2007).

9.      Attached hereto as Exhibit H is a true and correct copy of the Notes to Schedules of Assets and Liabilities and Statement of Financial Affairs filed by PlusFunds Group, Inc. in the

2

Chapter 11 case entitled PlusFunds Group, Inc., No. 06-10402 (JMP) (Bankr. S.D.N.Y. March 22, 2006).

10.    Attached hereto as Exhibit I is a true and correct copy of the Order Granting the Plan Administrators' Motions for Summary Judgment on Proofs of Claim of PlusFunds Group, Inc., entered by Judge Drain in *In re Refco Inc.*, No. 05 Civ. 60006 (Bankr. S.D.N.Y. July 20, 2007).

11.    Attached hereto as Exhibit J is a true and correct copy of the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries in *In re Refco Inc.*, No. 05 Civ. 60006 (Bankr. S.D.N.Y. Dec. 14, 2006).

12.    Attached hereto as Exhibit K are true and correct copies of the Original Proof of Claim filed by Grant Thornton LLP in *In re Refco Inc.*, No. 05 Civ. 60006 (Bankr. S.D.N.Y.) on July 17, 2006 and the Amended Proof of Claim filed by Grant Thornton LLP in *In re Refco Inc.*, No. 05 Civ. 60006 (Bankr. S.D.N.Y.) on March 16, 2007.

13.    Attached hereto as Exhibit L is a true and correct copy of the Stipulation and Order: (A) Withdrawing Plan Administrators' Tenth Omnibus Motion for Order Under 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 Disallowing and Expunging Claims of Tone N. Grant; and (B) Pursuant to 11 U.S.C. § 502(c)(1), Estimating Such Claims at $0, in *In re Refco Inc.*, No. 05 Civ. 60006 (Bankr. S.D.N.Y. Jun. 6, 2007).

14.    Attached hereto as Exhibit M is a true and correct copy of the Order Granting Motions for Summary Judgment entered in *Axis Reinsurance Co. v. Bennett et al.* (*In re Refco Inc.*), Adv. Proc. 07-01712 (Bankr. S.D.N.Y. Oct. 19, 2007).

15.    Attached hereto as Exhibit N is a true and correct copy of the Transcript of Hearing before the Honorable Robert D. Drain, United States Bankruptcy Judge, in *Axis*

*Reinsurance Co. v. Bennett et al. (In re Refco Inc.)*, Adv. Proc. 07-2005 (Bankr. S.D.N.Y. Sept. 11, 2007).

16.    Attached hereto as Exhibit O is a true and correct copy of an April 11, 2008 letter sent from Philip D. Anker to Andrew Dash.

17.    I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        May 27, 2008

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  _____
     Ross E. Firsenbaum

399 Park Avenue
New York, New York 10022
Tel:  (212)-230-8800
Fax:  (212)-230-8888

*Attorneys for Defendants J.P. Morgan Chase & Co., Credit Suisse Securities (USA) LLC (formerly Credit Suisse First Boston LLC), and Banc of America Securities LLC*

WILMERHALE

April 11, 2008

Philip D. Anker

+1 212 230 8890 (t)
+1 212 230 8888 (f)
philip.anker@wilmerhale.com

**BY EMAIL**

Andrew Dash, Esq.
Brown Rudnick Berlack Israels LLP
Seven Times Square
Times Square Tower
New York, NY 10036

Re: *Krys, et al., v. Sugrue, et al.*, 08 Civ. 3086 (GEL)

Dear Andy:

We write on behalf of our clients, JPMorgan Chase & Co., Credit Suisse Securities (USA) LLC, and Banc of America Securities LLC (the "Bank Defendants").

As you know, the Bank Defendants, along with several other Defendants (collectively, the "Removing Defendants"), have removed this action ("Action") from the New York Supreme Court to the United States District Court for the Southern District of New York and sought assignment of the Action to Judge Lynch, who has entered scheduling orders with respect thereto, as part of the Refco MDL, *In Re: Refco Securities Litigation*, 07 MDL 1902 (GEL) ("Refco MDL").

As you are aware, discovery is ongoing in the Refco MDL and depositions have commenced. A deposition protocol, entered by Judge Lynch on December 10, 2007 ("Deposition Protocol"), is in effect. While you may already have seen it, I am enclosing another copy just in case. By its express terms, it governs not only the actions that were part of the Refco MDL at the time of its entry, but also all other actions subsequently brought by "named plaintiffs in actions consolidated or coordinated with any of the Refco-Related Actions." Dep. Protocol at I.A.7; *see also* Dep. Protocol at 1 ("[The] Deposition Protocol Order shall govern all oral depositions of fact witnesses, except as specifically provided herein, taken in . . . (n) actions consolidated into or coordinated with the Refco-Related Actions"). Accordingly, the Deposition Protocol governs discovery in the Action as well.

The Deposition Protocol affords the SphinX Plaintiffs the opportunity to attend, and participate in, depositions of the Bank Defendants, and other defendants, noticed by other parties in the Refco MDL. In this regard, upon your written acknowledgment that the SphinX Plaintiffs are subject to the Deposition Protocol and the Confidentiality Order in effect in the Refco MDL (a copy of which also is enclosed with this letter), the Bank Defendants would be prepared promptly to produce a complete set of their document production in the Refco MDL to the SphinX Plaintiffs.

As for depositions, the first one of any representative of any of the Bank Defendants (or any other defendant in the Action), Aaron Peyton of Banc of America Securities LLC, is scheduled

WILMERHALE

Andrew Dash, Esq.
April 11, 2008
Page 2

to occur on April 17 and 18, 2008 at the offices of Grant & Eisenhofer in New York.  Should the
SphinX Plaintiffs wish to question Mr. Peyton in connection with the Action, you or one of your
colleagues should plan to appear for his deposition on April 17 and 18.  In this regard, of course,
all of the provisions of the Deposition Protocol will apply equally to the SphinX Plaintiffs as
they do to all of the parties in the Refco MDL.  Please note that among those provisions are that
(a) each witness may be deposed only once across all actions (Section II); (b) depositions
presumptively may last up to a maximum of two days (Section III(B)); and (c) allocations of
deposition time shall be agreed, in advance, by the deposition scheduling committees.  In this
regard, we suggest that you reach out to counsel for the plaintiffs in the other actions in the
Refco MDL to discuss the allocation of deposition time for any deposition of a representative of
the Bank Defendants.

Please note that should you fail to appear for Mr. Peyton's upcoming deposition, or any other
deposition of any representative of the Bank Defendants, you will not have another opportunity
to depose such witnesses.  Consistent with the terms of the Deposition Protocol, we will object to
any further deposition you may attempt to notice of any representative of the Bank Defendants.

If you have any questions or otherwise wish to discuss this matter, please let me know.

Very truly yours,

Philip D. Anker

Enclosures

cc:  All counsel of record in the Refco MDL (by electronic mail)