**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                              :
In re REFCO INC. SECURITIES LITIGATION    :    Case No. 07-md-1902 (JSR)
                                                              :
-------------------------------------------------------------X

        This Document Relates to:

-------------------------------------------------------------X
KENNETH M. KRYS, *et al.*,                         :    Case No. 08-cv-3065 (JSR)
                                                              :    Case No. 08-cv-3086 (JSR)
                      Plaintiffs,     :
                                                              :
       -against-                                 :
                                                              :
CHRISTOPHER SUGRUE, *et al.*,                  :
                                                              :
                      Defendants.   :
-------------------------------------------------------------X


**PLAINTIFFS' LIMITED OBJECTION TO THE REPORT AND RECOMMENDATION OF THE SPECIAL MASTER ON MOTIONS TO DISMISS BROUGHT BY DEFENDANTS OWENS AND KAVANAGH**

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...................................................................................................................................1

I.     KAVANAGH OWED AND BREACHED FIDUCIARY
DUTIES TO SPHINX..................................................................................................1

II.    PLAINTIFFS PROPERLY PLEAD TORTIOUS INTERFERENCE
CLAIMS AGAINST KAVANAGH AND OWENS..........................................................7

III.   PLAINTIFFS OBJECT TO CERTAIN DETALS ON THE RECORD..............................8

CONCLUSION...............................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ajettix Inc. v. Raub*,
   9 Misc. 3d 908, 804 N.Y.S.2d 580 (Sup. Ct. Monroe County 2005) ...................................... 4

*Alpert v. 28 Williams St. Corp.*,
   63 N.Y.2d 557, 483 N.Y.S.2d 667 (1984).................................................................................. 3

*Am. Int'l Grp. v. Greenberg*,
   23 Misc.3d 278, 877 N.Y.S.2d 614 (Sup. Ct. N.Y. County 2008),
   *aff'd*, 60 A.D.3d 483, 875 N.Y.S.2d 39 (1st Dep't 2009)............................................................ 3

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   351 F. Supp.2d 79 (S.D.N.Y. 2004) ........................................................................................... 3

*Arfa v. Zamir*,
   21 Misc. 3d 1101(A), 873 N.Y.S.2d 231,
   2008 WL 4302790(Sup. Ct. N.Y. County Sept. 8, 2008),
   *aff'd*, 75 A.D.3d 443, 905 N.Y.S.2d 97 (1st Dep't 2010)............................................................ 2

*Beacon Hill CBO II, Ltd. v. Beacon Hill Asset Mgmt. LLC*,
   249 F. Supp. 2d 268 (S.D.N.Y. 2003),
   *aff'd on other grounds*, 89 Fed. Appx. 749 (2d Cir. 2004) ........................................................ 2

*Brass v. Am. Film Techs., Inc.*,
   987 F.2d 142 (2d Cir. 1993) ....................................................................................................... 2

*Calvin Klein Trademark Trust v. Wachner*,
   123 F. Supp. 2d 731 (S.D.N.Y. 2000) ........................................................................................ 4

*Fireman's Fund Ins. Co. v. Allied Programs Corp.*,
   No. 92 Civ. 7505, 1993 WL 481344 (S.D.N.Y. Nov. 17, 1993) ............................................... 5

*Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*,
   665 F. Supp. 2d 239 (S.D.N.Y. 2009) ........................................................................................ 5

*In re Treco*,
   229 B.R. 280 (S.D.N.Y. 1999) .................................................................................................... 2

*Indep. Asset Mgmt. LLC v. Zanger*,
   538 F. Supp. 2d 704 (S.D.N.Y. 2008) ........................................................................................ 2

*JFK Family Ltd. P'ship v. Millbrae Nat'l Gas Dev. Fund 2005, L.P.*,
 21 Misc.3d 1102(A), 873 N.Y.S.2d 234 (Table),
 2008 WL 4308289 (N.Y. Sup. Ct. Westchester County Sep. 16, 2008) .................................. 5

*Maxwell Macmillan Realization Liquidating Trust v. Aboff (In re Macmillan, Inc.)*,
 204 B.R. 378 (Bankr. S.D.N.Y. 1997) .................................................................................... 5

*NBT Bancorp Inc. v. Fleet/Norstar Fin. Group, Inc.*,
 87 N.Y.2d 614, 641 N.Y.S.2d 581 (1996) .............................................................................. 7

*Out of the Box Promotions, LLC v. Koschitzki*,
 55 A.D.3d 575, 866 N.Y.S.2d 677 (2d Dep't 2008) ............................................................... 7

*Parklex Assocs. ex rel. Holtcamp v. Parklex Assocs.*,
 No. 15 Misc.3d 1125(A), 841 N.Y.S.2d 220 (Table), 2007 WL 1203616 (N.Y. Sup.
 Ct. Kings County Apr. 16, 2007) ............................................................................................ 5

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*,
 446 F. Supp. 2d 163 (S.D.N.Y. 2006) ........................................................................... 2, 3, 4

*SCS Comm'cns, Inc. v. Herrick Co.*,
 360 F.3d 329 (2d Cir. 2004) ........................................................................................... 4, 5, 6

*Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*,
 No. 97 CIV. 5499, 2000 WL 264295 (S.D.N.Y. Mar. 9, 2000) ............................................. 6

*Solutia Inc. v. FMC Corp.*,
 456 F. Supp. 2d 429 (S.D.N.Y. 2006) .................................................................................... 4

*Talansky v. Schulman*,
 2 A.D.3d 355, 770 N.Y.S.2d 48 (1st Dep't 2003) ............................................................... 5, 6

Plaintiffs Kenneth M. Krys and Margot MacInnis, as Joint Official Liquidators ("JOLs") of the SPhinX family of hedge funds (collectively, "SPhinX" or the "SPhinX Funds"), and as assignees of claims assigned by certain of the SPhinX Funds' investors including Miami Children's Hospital Foundation (collectively, "Assignors"), respectfully submit this limited objection to the Report and Recommendation of the Special Master on Motions to Dismiss Brought by Defendants Owens and Kavanagh ("R&R") dated October 21, 2010. Plaintiffs incorporate by reference their briefs filed in connection with all the defendants' motions to dismiss and Plaintiffs' oral arguments made to the Special Master.

## PRELIMINARY STATEMENT

Plaintiffs largely agree with the conclusions of the Special Master in the October 21, 2010 R&R regarding Kavanagh and Owens but interpose this Limited Objection to correct a few factual inaccuracies and to raise two substantive points: (1) Mark Kavanagh owed and breached fiduciary duties to SPhinX; and (2) Plaintiffs adequately allege tortious interference claims against Kavanagh and Owens.

## ARGUMENT

### I.  KAVANAGH OWED AND BREACHED FIDUCIARY DUTIES TO SPHINX

The Special Master concludes that Plaintiffs fail to allege that Kavanagh owed fiduciary duties to SPhinX, a finding that undermines portions of Plaintiffs' breach of fiduciary duty, fraud and aiding and abetting claims against Kavanagh and Owens. *See* R&R at 15-16, 23, 24-25, 28, 32. These findings are incorrect as a matter of law and should not be accepted and adopted.

The Special Master correctly noted that Kavanagh was a director of PlusFunds, and that PlusFunds owed fiduciary duties to SPhinX. *See id.* at 15. The Special Master failed to credit Plaintiffs' allegations that Kavanagh owed his own fiduciary duties to SPhinX. *See* Amended

Complaint ("FAC") ¶¶ 20, 39, 310, 501, 1088, 1103, 1115, 1157, 1197-98, 1208, 1297.  All that is required for a breach of fiduciary duty claim is an allegation that the plaintiff reposed confidence and trust in the superior knowledge or expertise of the defendant.  *See Indep. Asset Mgmt. LLC v. Zanger*, 538 F. Supp. 2d 704, 709 (S.D.N.Y. 2008) (Rakoff, J.).  There are ample facts alleged in the First Amended Complaint to support a finding that Kavanagh is liable to SPhinX for breach of fiduciary duty.

Specifically, Plaintiffs allege that PlusFunds' only business was management of the SPhinX Funds.  *See* FAC ¶¶ 371, 383-85, 402-04, 1045.  Likewise, Plaintiffs allege that SPhinX delegated primary responsibility for SPhinX's daily operations to PlusFunds, meaning that SPhinX entrusted critical responsibilities to PlusFunds and its agents.  *See id.* ¶¶ 133-38.  Thus, as a director of SPhinX's investment manager, Kavanagh owed a legally cognizable fiduciary duty to ensure the proper management of the SPhinX Funds.  *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 151 (2d Cir. 1993) (corporate executive may owe fiduciary duty to affiliated entity); *Beacon Hill CBO II, Ltd. v. Beacon Hill Asset Mgmt. LLC*, 249 F. Supp. 2d 268, 273 (S.D.N.Y. 2003) (Lynch, J.) ("Investment advisors who manage funds belonging to others are a classic example of fiduciaries who owe the highest duty of loyalty to those on whose behalf they act."), *aff'd on other grounds*, 89 Fed. Appx. 749 (2d Cir. 2004); *Arfa v. Zamir*, 21 Misc. 3d 1101(A), 873 N.Y.S.2d 231, 2008 WL 4302790, at *3-4 (Sup. Ct. N.Y. County Sept. 8, 2008), *aff'd*, 75 A.D.3d 443, 905 N.Y.S.2d 97 (1st Dep't 2010) (citing *In re Treco*, 229 B.R. 280, 289 (S.D.N.Y. 1999) (recognizing that fiduciary of a fiduciary is a fiduciary)).

The existence and precise contours of the fiduciary obligations Kavanagh owed SPhinX are fact-intensive issues that should not be ruled upon in a motion to dismiss.  *See Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 446 F. Supp. 2d 163,

196 (S.D.N.Y. 2006) ("Whether a party reposed confidence in another and reasonably relied on the other's superior expertise or knowledge is a fact-specific inquiry.") (citations and internal quotation marks omitted); *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp.2d 79, 102 (S.D.N.Y. 2004) ("impossible to say that plaintiff will be unable to prove a the existence of a fiduciary relationship") (citation and internal quotation marks omitted); *Am. Int'l Grp. v. Greenberg*, 23 Misc.3d 278, 288, 877 N.Y.S.2d 614, 623 (Sup. Ct. N.Y. County 2008) (whether directors breached their fiduciary duties "will require a fact-intensive assessment of their conduct, not properly disposed of at the pre-answer stage"), *aff'd*, 60 A.D.3d 483, 875 N.Y.S.2d 39 (1st Dep't 2009).

Moreover, Plaintiffs clearly allege that Kavanagh took an active role in crucial fiduciary functions that are at the heart of Plaintiffs' complaint.  Specifically, Plaintiffs allege that Gabriel Bousbib, PlusFunds' CEO, proposed that hundreds of millions of dollars of SMFF's excess cash be removed from Refco to obtain more favorable returns.  *See* FAC ¶¶ 288-89.  Sugrue, Kavanagh and Owens, protecting their relationship with Refco and Refco's continuing access to that cash, opposed Bousbib, forced his resignation and accepted hundreds of millions of dollars in undisclosed loans *from Refco* to buy out minority interests of Bousbib and other minority shareholders in PlusFunds. *See id.* ¶¶ 290-309, 313, 363, 379, 384, 387, 393, 398, 403, 406.  By so doing, Kavanagh exercised actual authority and control over the placement of SMFF's excess cash at Refco and took an active part in management of SMFF's investment of excess cash. These allegations are sufficient under New York's flexible standard for pleading the existence of a fiduciary duty.  *See Alpert v. 28 Williams St. Corp.*, 63 N.Y.2d 557, 568, 483 N.Y.S.2d 667, 673 (1984) ("Because the power to manage the affairs of a corporation is vested in the directors and majority shareholders, they are cast in the fiduciary role of 'guardians of the corporate

welfare' … have an obligation to all shareholders to adhere to fiduciary standards of conduct and to exercise their responsibilities in good faith when undertaking any corporate action.") (citations omitted).

In addition, Plaintiffs allege that Kavanagh had undisclosed knowledge that SMFF's excess cash was improperly transferred to RCM for Refco's benefit, and protected Refco's access to that cash. *See* FAC ¶¶ 378-88, 405, 407, 495. The Special Master acknowledges that these allegations are plausible. *See* Oct. 21, 2010 R&R at 17-20. A separate basis for imposition of a fiduciary duty under New York law is access to superior information. *See Solutia Inc. v. FMC Corp.*, 456 F. Supp. 2d 429, 456 (S.D.N.Y. 2006) (fiduciary duty may arise where "defendant had superior expertise or knowledge about some subject and misled plaintiff by false representations concerning that subject") (citation and internal quotation marks omitted); *Pension Comm. of the Univ. of Montreal Pension Plan*, 446 F. Supp. 2d at 195 (recognizing "one party's superior position or superior access to confidential information" as basis for fiduciary duty) (citations and internal quotation marks omitted); *Calvin Klein Trademark Trust v. Wachner*, 123 F. Supp. 2d 731, 733 (S.D.N.Y. 2000) (same). In other words, Plaintiffs properly plead a fiduciary duty of disclosure arising out of Kavanagh's knowledge regarding the wrongful movement of SMFF's cash and his role as a PlusFunds director. *See Ajettix Inc. v. Raub*, 9 Misc. 3d 908, 914, 804 N.Y.S.2d 580, 589 (Sup. Ct. Monroe County 2005) (officer's failure to disclose competitor's role as financier in connection with buy-out transaction constituted breach of fiduciary duty: "Given the fiduciary relationship that existed, it was the obligation of defendant to disclose everything about his dealings with the [competitor]").

Finally, New York law provides that a director can be held personally liable for his knowing participation in breaches of fiduciary duty of the corporation. *See SCS Comm'cns, Inc.*

*v. Herrick Co.*, 360 F.3d 329, 342-43 (2d Cir. 2004) (holding agent personally liable "as a knowing participant in a breach of fiduciary duty"); *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 259 (S.D.N.Y. 2009) ("[P]laintiffs state a claim against both Kwon and Manitou Springs for breach of fiduciary duty. Although Kwon was acting as president of Manitou Springs during the events in question, a corporate officer who commits or participates in a tort, even if it is in the course of his duties on behalf of the corporation, may be held individually liable.") (citations and internal quotation marks omitted); *Talansky v. Schulman*, 2 A.D.3d 355, 359-60, 770 N.Y.S.2d 48, 53 (1st Dep't 2003) ("[A]ny one who knowingly participates with a fiduciary in a breach of trust is liable for the full amount of damage caused thereby. This includes an officer of a corporation who knowingly participates in a breach of the corporation's fiduciary duties.") (citations and internal quotation marks omitted).[1]

These cases establish that the officer does not have to owe an independent fiduciary duty to be personally liable for breach of fiduciary duty. For example, in *SCS Communications*, the

---

[1] *See also, e.g.*, *JFK Family Ltd. P'ship v. Millbrae Nat'l Gas Dev. Fund 2005, L.P.*, 21 Misc.3d 1102(A), 873 N.Y.S.2d 234 (Table), 2008 WL 4308289, at *18 (N.Y. Sup. Ct. Westchester County Sep. 16, 2008) ("[O]ne who knowingly participates with a fiduciary in a breach of trust renders himself liable to the injured beneficiary. This includes an officer of a corporation who knowingly participates in a breach of the corporation's fiduciary duties.") (internal quotation marks and citations omitted); *Parklex Assocs. ex rel. Holtcamp v. Parklex Assocs.*, No. 15 Misc.3d 1125(A), 841 N.Y.S.2d 220 (Table), 2007 WL 1203616, at *4 (N.Y. Sup. Ct. Kings County Apr. 16, 2007) ("It is well settled that any one who knowingly participates with a fiduciary in a breach of trust is liable for the full amount of the damage caused thereby. This includes an officer of a corporation who knowingly participates in a breach of the corporation's fiduciary duties.") (citations and internal quotation marks omitted); *Maxwell Macmillan Realization Liquidating Trust v. Aboff (In re Macmillan, Inc.)*, 204 B.R. 378, 405 (Bankr. S.D.N.Y. 1997) ("Personal liability will be imposed upon corporate officers who commit or participate in the commission of a tort, even if the commission or participation is for the corporation's benefit.") (citations and internal quotation marks omitted); *Fireman's Fund Ins. Co. v. Allied Programs Corp.*, No. 92 Civ. 7505, 1993 WL 481344, at *7 (S.D.N.Y. Nov. 17, 1993) ("[O]fficers of a corporation can be held individually liable . . . for breach of their alleged fiduciary duty if they were personally responsible for the breach of duty or if they knew or should have known of the conversion.").

5

Second Circuit recognized a claim against an individual for "participation in a breach of fiduciary duty," listing the elements as "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages." 360 F.3d at 342. The Second Circuit upheld an award of damages for breach of fiduciary duty against the individual despite the fact that he owed no direct fiduciary duty himself, but played a role in the breach of the corporate fiduciary's duty. *See id.* In *Talansky*, the individual defendant officer was held directly liable for breach of fiduciary duty even though the fiduciary duty was owed by his employer, an escrow agent. *See* 2 A.D.3d at 359, 770 N.Y.S.2d at 53.

As a director of PlusFunds, SPhinX's fiduciary, Kavanagh can be held personally liable for participating in breaches of fiduciary duties owed to SPhinX. The Special Master acknowledges that PlusFunds owed fiduciary duties to SPhinX (*see* Oct. 21, 2010 R&R at 15), that the movement of SMFF cash and the Suffolk Loans constituted breaches of fiduciary duty (*see id.* at 17-20), and that Kavanagh had knowledge of those breaches and personally participated in them. *See id.* at 18-20. These allegations are sufficient to hold Kavanagh personally liable for breach of a fiduciary duty owed to SPhinX.

> Because a court may ordinarily hold an individual corporate officer personally liable for participation in the commission of a tort … this Court permits Plaintiff to go forward against the Individual Defendants with the claims for breach of fiduciary duty and tortious interference with prospective business relations. Alleging that the Individual Defendants have personally participated in and exercised dominion and control over the tort and fiduciary violations described in the amended complaint is a short, plain statement of the claims that satisfies Rule 8(a). Thus, Plaintiff's assertions against the Individual Defendants provide grounds for Plaintiff to proceed with discovery to identify particular instances where the Individual Defendants actively participated in the antitrust and tort violations.

*Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, No. 97 CIV. 5499, 2000 WL 264295, at *36 (S.D.N.Y. Mar. 9, 2000) (citations and footnotes omitted).

Accordingly, because Kavanagh owed fiduciary duties to SPhinX as well as PlusFunds, Plaintiffs request that the Court not adopt the Special Master's R&R on these issues and instead recognize and sustain Plaintiffs' claims (1) against Kavanagh for breach of fiduciary duty owed to SPhinX (Count I); (2) against other defendants for aiding and abetting Kavanagh's breach of fiduciary duty to SPhinX (Counts II, IV, V, XXVI); and (3) against Kavanagh for fraud and misrepresentation arising from Kavanagh's fiduciary duty and non-disclosure of relevant facts to SPhinX (Counts III).  To the extent these claims are based on a breach of Kavanagh's fiduciary duty to SPhinX, they are adequately pled.

## II. PLAINTIFFS PROPERLY PLEAD TORTIOUS INTERFERENCE CLAIMS AGAINST KAVANAGH AND OWENS

Under New York law, "where there is an existing, enforceable contract and a defendant's deliberate interference results in a breach of that contract, a plaintiff may recover damages for tortious interference with contractual relations even if the defendant was engaged in lawful behavior."  *NBT Bancorp Inc. v. Fleet/Norstar Fin. Group, Inc.*, 87 N.Y.2d 614, 621, 641 N.Y.S.2d 581, 585 (1996).  To state a claim for tortious interference, Plaintiffs "must show that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper."  *Out of the Box Promotions, LLC v. Koschitzki*, 55 A.D.3d 575, 577, 866 N.Y.S.2d 677, 680 (2d Dep't 2008) (citation and internal quotation marks omitted).  The "[w]rongful means" element is satisfied by allegations of "fraudulent representations . . . or a violation of a duty of fidelity owed to the plaintiff by reason of a confidential relationship between the parties."  *Id*. at 577, 866 N.Y.S.2d at 680 (citations and internal quotation marks omitted).

As alleged in the Amended Complaint, SPhinX and PlusFunds had numerous contracts, including the Investment Management Agreement between SPhinX and PlusFunds, the DPM

7

Service Agreement and SPhinX's contractual relationships with its investors as evidenced by the Offering Memoranda and other materials. *See* FAC ¶¶ 109-13, 132-34, 161-64. Plaintiffs allege that each of those contracts was breached when SMFF's excess cash was moved to unprotected accounts at RCM and that Kavanagh and Owens had a role in that movement. *See id.* ¶¶ 21, 132-34, 173, 378, 1090, 1346, 1350, 1354-57. The fact that Kavanagh and Owens breached their fiduciary duties to SPhinX and PlusFunds satisfies the wrongful means requirement. *See id.* ¶¶ 376-88, 390-407. Plaintiffs thus adequately allege tortious interference.

### III.  PLAINTIFFS OBJECT TO CERTAIN DETAILS ON THE RECORD

Plaintiffs object to certain details addressed in the Special Master's R&R.

First, at page 12 of the R&R, discussing the Suffolk Loans and the Standby Credit Facility, the Special Master comments,

> Moreover, taking the Plaintiffs' assertion as true, PlusFunds was in the hands of wrongdoers at the time [of the Suffolk Loans], who were exceedingly unlikely to allow PlusFunds and SPhinX to escape Refco's clutches regardless of some technical escape clause in an agreement.

Plaintiffs agree with the Special Master's construction of the Standby Credit Facility, but object to the suggestion that PlusFunds was in the control of wrongdoers and Refco at the time. Plaintiffs clearly allege that at all relevant times, there were innocent decision makers at both SPhinX and PlusFunds who could have and would have taken steps to prevent the wrongdoing alleged in the Amended Complaint. *See* FAC ¶¶ 5, 10, 21, 24, 38-39, 40, 101, 135, 148, 160, 182-85, 190, 196, 293, 296, 326, 328, 372, 399, 494.

In addition, at pages 30-31 of the R&R, the Special Master discounts Plaintiffs' allegations of misrepresentations Owens made to SPhinX's board of directors regarding changes to SPhinX's cash management procedures and Bousbib's resignation. The Special Master dismisses these allegations as insufficient to state a cause of action for fraud standing

8

individually or cumulatively.  *See* R&R at 30-31.  Plaintiffs object to this conclusion.  These misrepresentations should be held sufficient to support a fraud claim, but, at a minimum, can be considered in connection with the fraud claims the Special Master affirmed regarding the non-disclosures of Kavanagh and Owens arising from their fiduciary duties to SPhinX and PlusFunds.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court modify the October 21, 2010 R&R as discussed above and adopt it in all other respects.

Dated:  New York, New York

May 26, 2011

**BROWN RUDNICK LLP**

By:   /s David J. Molton
     David J. Molton (DM 1106)
     Andrew Dash (AD 7913)

Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
dmolton@brownrudnick.com
adash@brownrudnick.com

- and -

**BEUS GILBERT PLLC**
4800 North Scottsdale Road, Suite 6000
Scottsdale, AZ  85251
Tel.: (480) 429-3000
Fax: (480) 429-3100

*Attorneys for Plaintiffs*