**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
                                      :
                                      :
In re REFCO, INC. SECURITIES LITIGATION : 07 MDL No. 1902 (JSR)
                                      :
                                      : ECF CASE
                                      :

------------------------------------- x
------------------------------------- x
                                      :
                                      :
KENNETH M. KRYS, et al.                :
                                      : 08 Civ. 3086 (JSR)
           Plaintiffs,                 :
    -v-                               :
                                      :
CHRISTOPHER SUGRUE, et al.            :
                                      :
           Defendants.                 :
                                      :

------------------------------------- x
------------------------------------- x
                                      :
                                      :
KENNETH M. KRYS, et al.               :
                                      :
           Plaintiffs,                 : 10 Civ. 3594 (JSR)
                                      :
    -v-                               :
                                      :
DEUTSCHE BANK SECURITIES INC., et al. :
                                      :
           Defendants.                 :
                                      :
------------------------------------- x

|  |  |
|---|---|
| KENNETH M. KRYS, et al. | : |
| Plaintiffs, | : 11 Civ. 1486 (JSR) |
| -v- | : |
| SCHULTE ROTH & ZABEL, LLP. | : |
| Defendant. | : |

|  |  |
|---|---|
| KENNETH M. KRYS, et al. | : |
| Plaintiffs, | : 08 Civ. 7416 (JSR) |
| -v- | : |
| ROBERT AARON, et al. | : |
| Defendants. | : |

## [PROPOSED] SCHEDULING AND DISCOVERY ORDER

**WHEREAS**, the Court has ordered that all discovery shall be closed in the above-captioned actions ("Actions") on or before September 30, 2012;

**WHEREAS**, counsel to all parties in the Actions participated in meet-and-confers on November 22, 2011 and December 2, 2011 regarding various scheduling and discovery deadlines between the present and September 30, 2012 ("Interim Deadlines");

**WHEREAS**, counsel agreed to certain Interim Deadlines and did not agree to other Interim Deadlines;

**WHEREAS**, the Court (through Special Master Hedges) considered the positions of the parties at a status conference on December 14, 2011, with respect to both the issues on which they have reached agreement and those on which they have not; and

**WHEREAS**, the following provisions are determined by the Court to be appropriate for management of these Actions.

It is hereby **ORDERED** as follows:

1. Plaintiffs shall promptly supplement their December 15, 2011 disclosures to Defendants regarding the production of potential witnesses for deposition if and when they become aware of additional information regarding: (a) the need for a subpoena or international process or (b) contact information for counsel for such potential witnesses.

2. Without permission of Special Master Hedges or the Court, or agreement of the party seeking to take the deposition and the party defending it, no witness who has already been deposed in the multidistrict litigation captioned *In re Refco Securities Litigation*, 07 MDL 1902 (S.D.N.Y.) ("Refco MDL"), may be redeposed in these Actions. However, nothing herein shall preclude any party to the Actions from seeking permission to take the deposition of a witness who was already deposed in the Refco MDL (or any party from opposing such request).

3. In lieu of the notice provisions of the Federal Rules of Civil Procedure or the notice provisions of the Deposition Protocol Order ("Deposition Protocol Order"), entered by Judge Lynch on December 10, 2007, any party may notice the deposition of a witness of a current or former employee of a party to the Actions by sending an email to the "WH Krys All" email list maintained by Wilmer Cutler Pickering Hale and Dorr LLP (the "SPhinX Email List") providing the following information: the name of the deponent, date(s) of the deposition, location of the deposition, and the amount of time the noticing party expects to question the

witness. A deposition may not be noticed for a date less than 20 days after the date of such email, unless no party in the Actions objects to the noticing of the deposition for a date less than 20 days after such email.

4.   Not later than four business days before a deposition, any party intending to examine a deponent may (a) inform all parties to the Actions through the SPhinX Email List a non-binding description of the documents (by Bates number) that counsel anticipates using or referring to during the deposition, and (b) upload to the file transfer protocol site hosted by Merrill Corporation in the Refco MDL images in an electronic format of each document that counsel anticipates using or referring to in the deposition. Nothing herein shall prevent any party from using any document of its choosing at a deposition or require it to disclose in advance any document it intends to use at a deposition, provided that any counsel who does not pre-designate documents brings sufficient paper copies of such documents to the deposition so that all counsel present may have a copy.

5.   Defendants will form a scheduling committee, which will work with Plaintiffs to facilitate the scheduling of depositions and related matters (without prejudice to the right of any party to move to compel, move to quash, or seek other such relief).

6.   The terms of the Deposition Protocol Order shall remain fully applicable to the Actions, except to the extent provided otherwise (a) in this Order, (b) in a subsequent Order of Special Master Hedges or the Court, or (c) by agreement of the parties in the Actions.

7.   The provisions of Paragraph IX.D of the Deposition Protocol Order (titled "Deposition Questionnaire") shall not be applicable to the Actions.

8. The party noticing the deposition of a fact witness shall be presumptively entitled to examine the witness for a total of seven hours of time on the record. All other parties shall be presumptively entitled to collectively examine the witness for a total of seven hours of time on the record.

9. Except by agreement of the parties, no more than three depositions of fact witnesses may occur on the same day.

10. Depositions of fact witnesses may begin on February 1, 2012.

11. Each side shall be permitted to request a maximum of 30 fact depositions for the time period between February 1, 2012 and March 5, 2012. The parties shall take reasonable steps to attempt to schedule such depositions during that time period. The parties also shall take reasonable steps to avoid the need for Rule 30(b)(6) depositions, and accordingly Plaintiffs and the Defendants' scheduling committee shall meet-and-confer before any party notices a 30(b)(6) deposition.

12. On March 14, 2012, [at 4 PM] a status conference shall take place before Special Master Hedges ~~at a time and place to be determined~~ [in the US Courthouse]. The agenda for the status conference shall include, among potentially other items, (a) additional fact depositions (and the completion of depositions previously requested), and (b) pending discovery disputes, if any. [Single list of any items due]

13. Plaintiffs shall serve their expert reports on or before June 15, 2012.

14. Fact depositions shall end on or before July 31, 2012.

15. Defendants shall serve their expert reports on or before July 31, 2012.

16. Nothing herein shall preclude Plaintiffs from seeking leave to submit rebuttal expert reports should Plaintiffs deem such rebuttal expert reports appropriate. Any such leave shall be sought by Plaintiffs no later than August 7, 2012. Any Defendant may oppose any such request by Plaintiffs for leave to submit rebuttal reports.

17. Expert depositions shall take place between August 1, 2012 and September 30, 2012.

18. The parties may serve contention interrogatories no earlier than July 31, 2012 and no later than August 31, 2012.

19. On August 1, 2012, a status conference shall take place before Special Master Hedges at 4PM in the US Courthouse ~~a time and place to be determined~~. The agenda for the status conference shall include, among potentially other items, any (a) contemplated motions to sever, and (b) contemplated motions to strike Plaintiffs' jury demand. Single listing of any items due 7/31/11.

20. The Consent Order Governing Expert Reports, Disclosures, and Discovery, entered by Judge Lynch on June 4, 2008, shall apply to expert reports, disclosures, and discovery in the Actions.

21. Any party may seek relief from this Order for good cause shown. In addition, upon the agreement of all parties, any of the provisions of this Order may be amended; provided, however, the deadline for the completion of all discovery shall remain September 30, 2012.

22. This Order shall be in addition to this Court's Order entered on November 21, 2011, the provisions of which shall remain in full force and effect.

Dated: ~~New York, New York~~ Newark
       December __, 2011

SO ORDERED:

_____
SPECIAL MASTER RONALD J. HEDGES