UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE REFCO INC. SECURITIES LITIGATION : CASE NO. 07-MD-1902 (JSR)

---

This document relates to:

---

KENNETH M. KRYS, *ET AL.*,

                Plaintiffs,    CASE NO. 08-CV-3086 (JSR)

     -against-

CHRISTOPHER SUGRUE, *ET AL.*

                Defendants.

---

**STATEMENT BY GRANT THORNTON LLP AND MARK RAMLER
CONCERNING THE REPORT & RECOMMENDATION
ON THEIR MOTION TO DISMISS**

 

WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Ph: 312-558-5600
Fax: 312-558-5700

200 Park Avenue
New York, New York 10166
Ph: 212-294-6700
Fax: 212-294-4700

*Attorneys for Defendants
Grant Thornton LLP and Mark Ramler*

The Special Master's most recent R&R in this action recommends dismissing most of the claims asserted against Grant Thornton LLP and its audit partner Mark Ramler ("Defendants"). Only one, narrow claim would be allowed to proceed: a claim for aiding and abetting the "Refco fraud." The gist of this claim is Plaintiffs' allegation that Grant Thornton aided and abetted the fraud by issuing unqualified audit opinions on Refco's financial statements. According to Plaintiffs, those financial statements failed to disclose the alleged fact that Refco had long been insolvent. Plaintiffs allege that they actually received and relied on Refco's audited financial statements—and on Grant Thornton's audit opinions on those financial statements—in deciding to place assets at Refco. Indeed, the R&R precludes Plaintiffs from proceeding based on any deposits that (as a matter of timing) could *not* have been made in specific reliance on Grant Thornton's audit opinions.

The Special Master has made clear that the outcome of this R&R was "essentially determined" by a series of previous R&Rs and *de novo* rulings by this Court. R&R at 2-3 (listing the relevant rulings and resulting principles of pleading). Defendants stand by—and hereby preserve—the arguments that they and others have made in relation to those R&Rs, including with respect to whether Plaintiffs have adequately pleaded a primary violation, whether Plaintiffs have adequately pleaded Defendants' knowledge of the Refco fraud, whether Plaintiffs have adequately pleaded substantial assistance, whether this lawsuit is barred by the doctrine of *in pari delicto*, and whether the wrongdoing of Plaintiffs and their agents operates as an intervening event that breaks the chain of causation. In an effort to avoid expending further resources with respect to the adequacy of the pleadings, however, Defendants are willing to forego further proceedings on these issues at the pleading stage.

At the same time, Defendants do wish to draw attention to the procedural posture and limitations of the R&R.  The only issue before the Court was—and is—the adequacy of Plaintiffs' pleadings.  As a matter of law, a ruling on the pleadings does not establish or "find" facts.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact"); *Textile Deliveries, Inc. v. Stagno*, No. 90 CIV. 2020, 1990 WL 155709, at *7 (S.D.N.Y Oct. 9, 1990) (statement in an order on a Rule 12(b)(6) motion "does not constitute a factual finding," as it was made "not from a review of any evidence, but from a reading of the pleadings").  In light of these well-settled principles, it is our understanding that this R&R—like any pleading-stage ruling—merely binds Plaintiffs to their own allegations and does not establish any facts that will bind Defendants at summary judgment or trial.

This is an important point of clarification.  The current R&R includes a number of assertions that might otherwise be misunderstood as statements of established fact, when they are (at most) merely inferences drawn from Plaintiffs' factual allegations.  For example, the R&R asserts that "[c]lean audit opinions are public statements that are intended to provide assurance to the public of the financial health of a company." R&R at 15.  This is demonstrably false.  An unqualified audit opinion is a "public statement" **only if the opinion is, in fact, rendered in "public."**  *See, e.g., Mishkin v. Peat, Marwick, Mitchell & Co.*, 658 F. Supp. 271, 274-75 (S.D.N.Y. 1987), *cited in* R&R at 15 (addressing audit opinions rendered in a context where public filing was required).  Not all audit opinions—"clean" or otherwise—are filed with federal agencies or otherwise disseminated to the public.  To the contrary, an auditor provides an audit opinion (consistent with professional standards) in the context of a private contractual relationship with its audit client.  The client may use that opinion only as allowed by the terms of the auditor's contract.

In some circumstances, the audit client may file the audit opinion publicly; in other circumstances, the audit opinion may be kept entirely private. New York law has long recognized this critical distinction. *See Ultramares Corporation v. Touche,* 174 N.E. 441 (1932) (with limited exceptions, only an auditor's client can sue for malpractice associated with an audit or audit opinion); *Credit Alliance Corp. v. Arthur Anderson & Co.*, 65 NY2d 536 (1985) (same).

With these important qualifications—and without waiving their ability to challenge any aspect of the merits of Plaintiffs' claims at a later point in the proceedings—Defendants do not object to the adoption of the R&R as dispositive of its pleading-stage motion.

Dated:  January 10, 2012

*Of Counsel:*

Kenneth Cunningham
Tracy W. Berry
GRANT THORNTON LLP
175 West Jackson, 20th Floor
Chicago, Illinois 60604
Ph: 312-856-0001
Fax: 312-565-3473

WINSTON & STRAWN LLP

_____/s_____
By: Linda T. Coberly
     (lcoberly@winston.com)

Bruce Braun
(bbraun@winston.com)
Catherine W. Joyce
(cjoyce@winston.com)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Ph: 312-558-5600
Fax: 312-558-5700

Beth A. Tagliamonti
(btagliamonti@winston.com)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Ph: 212-294-6700
Fax: 212-294-4700

*Attorneys for Defendants*
*Grant Thornton LLP and Mark Ramler*