UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re REFCO INC. SECURITIES LITIGATION       :    07-MDL No. 1902 (JSR)
                                                                 :
-----------------------------------------------------------------x
                                                                 :
This document relates to:                                        :    08 Civ. 3065 (JSR)
                                                                 :    08 Civ. 3086 (JSR)
KENNETH M. KRYS, et al.,                                         :
                                                                 :
                    Plaintiffs,                                  :
                                                                 :
             -v-                                                 :
                                                                 :
CHRISTOPHER SUGRUE, et al.,                                      :
                                                                 :
                    Defendants.                                  :
                                                                 :
-----------------------------------------------------------------x

# PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE EXPERT OPINIONS RELATING TO DISMISSED CLAIMS

        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, New York 10036
        Tel:  (212) 556-2100

        *Attorneys for Defendant*
        *PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................................. 1

    A.   The Court's Previous Orders ................................................................................. 1

    B.   Plaintiffs' Expert Witness Reports......................................................................... 4

ARGUMENT ...................................................................................................................... 5

CONCLUSION................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Bridgewater v. Taylor*,
  745 F. Supp. 2d 355 (S.D.N.Y. 2010)..................................................................................5

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993)..............................................................................................................6

*Ferguson v. Michael Foods, Inc.*,
  189 F.R.D. 408 (D. Minn. 1999)..........................................................................................7

*In re Vartec Telecom, Inc.*,
  No. 04–81694–HDH, 2009 WL 7309773 (Bankr. N.D. Tex. Aug. 20, 2009) ........................6

*Kozak v. Medtronic, Inc.*,
  No. H-03-4400, 2006 WL 5207231 (S.D. Tex. Sept. 28, 2006)...........................................7

*Lichtenstein v. Triarc Cos., Inc.*,
  No. 02 Civ. 2626 (JCF), 2004 WL 1087263 (S.D.N.Y. May 14, 2004)..................................6

*Moses v. Danek Med., Inc.*,
  No. CV–S–95–512PMPRLH, 1998 WL 34024164 (D. Nev. Nov. 30, 1998)....................... 6-7

*Pakootas v. Teck Cominco Metals, Ltd.*,
  No. CV–04–256–LRS, 2012 WL 1833397 (E.D. Wash. Apr. 4, 2012) .................................6

*Price v. Fox Entm't Grp., Inc.*,
  499 F. Supp. 2d 382 (S.D.N.Y. 2007).....................................................................................6

**OTHER AUTHORITIES**

Fed. R. Evid. 403 ......................................................................................................................7

Fed. R. Evid. 702(a)..................................................................................................................6

Fed. R. Civ. P. 12......................................................................................................................5

PricewaterhouseCoopers LLP ("PwC") requests that the Court strike the opinions of two of plaintiffs' experts—R. David Wallace and I. Michael Greenberger—that address PwC's liability on claims that have been *dismissed with prejudice*.[1]

Plaintiffs brought six claims against PwC based on different theories of liability and on multiple PwC engagements. After comprehensive briefing and argument to the Special Master and the Court on PwC's motion to dismiss—followed by a third round of briefing and argument to Judge Rakoff on plaintiffs' motion for reconsideration—the Court pared down the case against PwC to one claim based on a single theory of liability. Plaintiffs' experts ignore that outcome in their recent reports by offering opinions on claims and theories that are no longer in the case as to PwC. All such opinions and the corresponding portions of the reports should be struck.

## BACKGROUND

### A.     The Court's Previous Orders

Plaintiffs' Amended Complaint included claims based on PwC's audits of the financial statements of SPhinX Managed Futures Fund SPC ("SMFF") and audits of the financial statements of that fund's investment advisor, PlusFunds Group, Inc. ("PlusFunds"). It also included claims based on the separate PwC engagement, by different professionals, to provide advisory (not audit) services to Refco.

The Court dismissed with prejudice all claims against PwC except one: the part of Count XVII that alleges that PwC aided and abetted the Refco fraud through its advisory work for Refco on its LBO transaction and IPO. It did so after reviewing the record *de novo*, and in agreement with the "superb" 30-page Report and Recommendation of the Special Master on

---

[1] PwC reserves its right to move on other grounds, and at the appropriate time, to exclude all or portions of the opinions of plaintiffs' experts that relate to the claim against PwC that remains in the case (including other opinions of Messrs. Wallace and Greenberger).

PwC's motion to dismiss, dated August 10, 2011 ("PwC R&R").  Order dated October 24, 2011 (adopting the PwC R&R "in full as if incorporated herein").  That result was clear and unambiguous in the narrowing of plaintiffs' case to a single theory of liability on a single claim, and with a limitation on damages.

Plaintiffs moved for reconsideration, challenging on multiple grounds the dismissal of most of their case against PwC and the rejection of many of their liability theories.  Plaintiffs focused heavily on the dismissal of their claims related to PwC's audits of SMFF and PlusFunds.  Indeed, they took the extraordinary step of relying upon an expert affidavit from Mr. Wallace on PwC's alleged malfeasance in these audits, even after the Court had rejected it as "improper."  Memorandum Order, dated February 16, 2012, at 5-7 ("Reconsideration Order") (citing Oct. 24, 2011 Order at 1 n.1).  The Court denied plaintiffs' reconsideration motion "in all respects," ruling that it was both "procedurally defective" and "substantively unpersuasive."  *Id.* at 13.  Nonetheless, Mr. Wallace's recently submitted report, among other infirmities, incorporates by reference the very same affidavit, as if the Court had not ruled on these issues.

The result of the disposition of PwC's motion to dismiss and plaintiffs' motion for reconsideration is that the Court has dismissed with prejudice five of six counts against PwC.  Specifically, it dismissed with prejudice three Counts premised on PwC's audits of SMFF and PlusFunds:  Counts VI (accountant malpractice), VII (aiding and abetting breach of fiduciary duty), and VIII (fraud/misrepresentation).  *See* PwC R&R at 4-10, 10-12, 12-16, 29.  It also dismissed with prejudice two Counts based on the theory that PwC knew that Refco wrongfully transferred the assets of customers of Refco Capital Markets, Ltd. ("RCM") to other Refco entities:  Counts XVIII (aiding and abetting Refco's breach of fiduciary duty) and Count XIX (aiding and abetting Refco's conversion).  *Id.* at 24-27, 27-29, 30.  Additionally, the Court

rejected plaintiffs' theories based on PwC's audits of certain Refco portfolio funds, claimed independence violations, and other "red herring" arguments. *Id.* at 8, 10 n.7, 16 n.13.

The Court also dismissed in part and sustained in part Count XVII (aiding and abetting fraud), which contains two separate claims. The Court dismissed with prejudice the part of Count XVII that was based on the theory that PwC's "conduct in auditing SPhinX and PlusFunds" aided and abetted the Refco fraud—a charge the Special Master called "specious." PwC R&R at 17. The Court denied PwC's motion insofar as it related to PwC's "conduct in its Refco advisory work that caused SPhinX/PlusFunds to place assets at Refco," but with a limitation on the damages that plaintiffs can recover if they are able to prove this last remaining theory. *Id.* at 17-24, 30.

The upshot is that PwC must defend a claim for aiding and abetting the Refco fraud through its advisory work for Refco in connection with the LBO transaction and IPO, *and only that claim*. All other claims and theories are out of the case, with prejudice, including:

- All claims based on PwC's audits of the financial statements of SPhinX funds, including SMFF;

- All claims based on PwC's audits of the financial statements of PlusFunds;

- All claims or theories of liability based on PwC's audits of the financial statements of any Refco funds (funds for which a Refco entity was the investment advisor);

- All claims or theories of liability based on PwC's alleged knowledge that the transfer of cash from RCM to other Refco entities was wrongful, namely a breach of fiduciary duty or conversion by Refco; and

- All other theories of liability, other than those based on PwC's advisory work for Refco.

3

### B. Plaintiffs' Expert Witness Reports

Plaintiffs have produced two expert reports that offer opinions on PwC's liability: Corrected Expert Report of Findings and Opinions, R. David Wallace, dated July 20, 2012 ("Wallace Report"); and Expert Report of I. Michael Greenberger, dated June 29, 2012 ("Greenberger Report"). These reports are attached as Exhibits 1 and 2 to the accompanying Declaration of James J. Capra, Jr., dated August 7, 2012. They include opinions on claims against PwC and theories of PwC's liability that the Court has dismissed with prejudice.

Mr. Wallace opines about PwC's audits of the financial statements of SMFF, despite the fact that those claims are out of the case. For example, he asserts that:

> PwC [auditors] further concealed the fact that SMFF assets at RCM were not segregated by omitting from SMFF's financial statements disclosure of the protections afforded segregated assets.

Wallace Report at page 144 (heading "3"). He also opines on PwC's obligations under Generally Accepted Auditing Standards in connection with its audits of SPhinX Funds and specifically the audits of the financial statements of SMFF for 2003 and 2004. *Id.* ¶ 434. Mr. Wallace goes further, "incorporat[ing] by reference" the entirety of his September 6, 2011 affidavit, which the Court rejected not once, but twice, in deciding PwC's motion to dismiss. *Id.* ¶ 435. *See* Capra Declaration, Exhibit 3. In that affidavit, Mr. Wallace expressed "opinions regarding the applicable professional standards of care in connection with Plaintiffs' claims against PwC in connection with its audits and related services to SPhinX Ltd., SPhinX Strategy Fund Ltd., SPhinX Managed Futures Fund SPC and PlusFunds Group, Inc." Wallace Aff. ¶ 7; *see also* Wallace Report ¶¶ 363-367, 429-435 (all relating to audits of SMFF).

Mr. Wallace also offers opinions that go to the dismissed aiding-and-abetting claims. The Special Master found that plaintiffs "failed to adequately allege that PwC knew that [SMFF's] excess cash was converted by Refco" and that "there is nothing to indicate that PwC

4

would know that those transfers [of customer assets from RCM to other Refco entities] were unauthorized." PwC R&R at 28.  In addition, "it would be completely unfair to hold PwC liable for knowing about the bare fact of the upstreaming when two courts in this district have held that the upstreaming was not a wrong in itself." *Id.* at 26.  On that basis, the Court dismissed with prejudice Count XVIII (aiding and abetting Refco's breach of fiduciary duty) and Count XIX (aiding and abetting Refco's conversion).  Yet Mr. Wallace's opinion is directly at odds with those rulings: "PwC knew about the looting of RCM customer cash." Wallace Report ¶ 354.

Similarly, Mr. Greenberger offers opinions relating to dismissed claims against PwC. Mr. Greenberger, a lawyer, opines that PwC had a responsibility in its audits of SMFF "to ensure that funds were segregate [sic] or otherwise properly deposited" and that PwC should have "ask[ed] for a [sic] the appropriate documentation" to confirm this.  Greenberger ¶ 136.  Of course, this is the same assertion that this Court rejected as a matter of law.  *See* Reconsideration Order at 4 ("while plaintiffs argue defendants were required to test 'segregation,' they point to no controlling authority showing an auditor is required to test the segregation procedures of a *third-party*, rather than the firm being audited").  Indeed, Mr. Greenberger spends several pages cataloging the rulings of the Special Master and Judge Rakoff dismissing plaintiffs' claims against PwC and offering his "expert" opinions to the contrary.  *See* Greenberger Report ¶¶ 134-38.  This is nothing more than a re- re- re-argument of issues that have already been decided.

## ARGUMENT

The purpose of Rule 12 motions is to "streamline litigation by dispensing with needless discovery and factfinding." *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) (internal alterations and quotes omitted).  That is just what the Court has done by knocking out all claims against PwC except for one based on a single theory of liability.  Plaintiffs must accept their case against PwC as it now stands.  Instead, they have submitted expert reports that

5

disregard the Court's rulings—both its Order adopting the R&R "in full" after *de novo* review, and its Reconsideration Order.  Plaintiffs' experts' opinions on dismissed claims should be struck as violations of the Court's Orders and because they are not relevant.

Federal Rule of Evidence 702(a) permits an expert to testify only if his or her expertise "will help the trier of fact to understand the evidence or to determine a fact in issue."  As the Supreme Court has held, "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (alteration added; internal quotes omitted).  After a court dismisses a claim with prejudice, that claim is no longer part of the case, and opinions that go to that dismissed claim therefore do not relate to any fact at issue.  They are not relevant and hence not admissible.

On this basis, courts routinely preclude parties from offering expert testimony relating to a dismissed claim.  *See Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 388 (S.D.N.Y. 2007) (precluding expert testimony regarding claim dismissed on summary judgment as "unnecessary"); *Lichtenstein v. Triarc Cos., Inc.*, No. 02 Civ. 2626 (JCF), 2004 WL 1087263, at *13 (S.D.N.Y. May 14, 2004) (due to "dismissal of the pay disparity claim, [expert's] analysis is no longer relevant to any claim remaining in the case"); *see also Pakootas v. Teck Cominco Metals, Ltd.*, No. CV–04–256–LRS, 2012 WL 1833397, at *1 (E.D. Wash. Apr. 4, 2012) (expert opinions relating to a defense the court had dismissed as a matter of law were "rendered irrelevant"); *In re Vartec Telecom, Inc.*, No. 04–81694–HDH, 2009 WL 7309773, at *1 (Bankr. N.D. Tex. Aug. 20, 2009) ("Trustee shall not be permitted to offer or elicit testimony relating to [dismissed claims] from any witness designated by him as an expert"); *Moses v. Danek Med., Inc.*, No. CV–S–95–512PMPRLH, 1998 WL 34024164, at *2 (D. Nev. Nov. 30, 1998) (granting

motion to strike: when the court "dismissed the claims of alleged conspiratorial conduct and improper marketing . . . [expert] testimony supporting these claims is now irrelevant").[2]

The same relief is warranted here.  The Court should strike the opinions set forth in the following parts of the Wallace and Greenberger Reports because they relate to claims against PwC that have been dismissed:  Wallace Report ¶¶ 4 (point 12), 14 (bullets 7, 8 and 10), 17, 123, 352-355, 363-368, 429-435 (and the September 6, 2011 Wallace Affidavit, incorporated by reference); and Greenberger Report: ¶¶ 58, 59, 134-136, 138, 179.  The dismissed claims or theories to which these paragraphs relate are set forth in the attached Appendix.  Because the Greenberger Report generically references "defendants" in many places, and because it is not clear which parties are the subject of certain of the opinions in both the Greenberger and Wallace Reports, the Court should rule more broadly that those experts are prohibited from offering opinions on claims against PwC that are no longer in the case.[3]

---

[2] Courts also exclude opinions relating to dismissed claims under Federal Rule of Evidence 403 because, even when the opinions are marginally relevant, that marginal relevance is outweighed by the confusion these opinions would cause.  *See, e.g.*, *Kozak v. Medtronic, Inc.*, No. H-03-4400, 2006 WL 5207231, at *3 (S.D. Tex. Sept. 28, 2006); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 410 (D. Minn. 1999).

[3] PwC understands that Grant Thornton LLP and Mark Ramler are moving to strike other portions of the Greenberger Report.

7

**CONCLUSION**

This Court should prohibit plaintiffs from re-litigating the dismissal of their claims in the guise of expert opinions and strike all such opinions as to PwC and the corresponding portions of the Wallace and Greenberger Reports, including as set forth above and in the Appendix hereto.

Dated: New York, New York
August 7, 2011

            KING & SPALDING LLP

            By: /s/ James J. Capra, Jr.
              James J. Capra, Jr.
              James P. Cusick
              1185 Avenue of the Americas
              New York, New York 10036
              Tel: (212) 556-2100

              *Attorneys for Defendant*
              *PricewaterhouseCoopers LLP*

**APPENDIX:  OPINIONS ON DISMISSED CLAIMS**

| Subject Matter | Wallace and Greenberger Report References (paragraphs) |
|---|---|
| PwC's audits of the financial statements of SMFF or PwC's audits of the financial statements of PlusFunds | Wallace ¶¶ 4 (point 12), 14 (bullet 7), 17, 123, 363-367, 429-435 (and the September 6, 2011 Wallace Affidavit, incorporated by reference)<br><br>Greenberger:  ¶¶ 58, 59, 135-136, 138, 179 (referring back to ¶ 59) |
| PwC's audits of the financial statements of Refco funds (funds managed by Refco Alternative Investments) | Wallace ¶¶ 14 (bullet 7), 123, 368 |
| PwC's knowledge that the transfers from RCM to other Refco entities were wrongful | Wallace ¶¶ 14 (bullets 8 and 10), 352-355<br><br>Greenberger ¶¶ 134-135 |