UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re REFCO INC. SECURITIES LITIGATION : 07-MDL No. 1902 (JSR)
:
:
------------------------------------------------------------x
:
This document relates to: : 08 Civ. 3065 (JSR)
:
: 08 Civ. 3086 (JSR)
KENNETH M. KRYS, et al., :
:
                    Plaintiffs, :
:
       -v- :
:
CHRISTOPHER SUGRUE, et al., :
:
                    Defendants. :
:
:
------------------------------------------------------------x


**PRICEWATERHOUSECOOPERS LLP'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO STRIKE EXPERT OPINIONS RELATING TO DISMISED CLAIMS**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel:  (212) 556-2100

*Attorneys for Defendant
PricewaterhouseCoopers LLP*

**TABLE OF CONTENTS**

**Page**

I. The Court Should Strike All Opinions Relating To PwC's Audits. ...........................................1

   A. Plaintiffs ignore the thrust of PwC's motion—the request to strike the opinions that PwC's audits failed to comply with GAAS or were fraudulent.....................................1

   B. The Court already has rejected Plaintiffs' assertion that PwC's conduct of its SMFF audit "is relevant to the Refco fraud." ...................................................................2

   C. PwC hasn't raised any defense that places the conduct of its audits at issue. .....................3

II. This Court Should Strike Opinions Relating To Looting Of Customer Assets.........................4

III. CONCLUSION.................................................................................................................6

i

PwC moved to strike certain opinions of Plaintiffs' experts David Wallace and Michael Greenberger, principally regarding whether PwC's audits of the financial statements of SMFF and PlusFunds complied with professional standards or were fraudulent, because the Court has unambiguously dismissed all claims based upon PwC's audit work.  Plaintiffs never join issue with the main focus of PwC's motion.  Indeed, they barely acknowledge that Messrs. Wallace and Greenberger offer any opinions on the PwC audits, and when they do, the proffered justification for them flies directly in the face of a prior ruling.  They also try to contort the other challenged opinion—regarding PwC's alleged knowledge of looting by RCM of customer assets—to fit the only remaining claim in the case, but it does not.  PwC's motion to strike should be granted.[1]

## I. THE COURT SHOULD STRIKE ALL OPINIONS RELATING TO PWC'S AUDITS.

### A. Plaintiffs ignore the thrust of PwC's motion—the request to strike the opinions that PwC's audits failed to comply with GAAS or were fraudulent.

Plaintiffs try to side-step the argument that the Court should strike opinions regarding whether PwC's audits of the financial statements of SMFF and PlusFunds complied with Generally Accepted Auditing Standards (GAAS) or were fraudulent.  Although Plaintiffs cannot deny that their experts' opinions "touch on" PwC's audits (Pls. Response at 8), the reality is that the opinions go directly to the very questions that are no longer a part of this case.  For example:

- Wallace Report:  "PwC was thus obligated by GAAS to design and implement audit procedures to obtain sufficient competent evidential matter to provide PwC reasonable assurance of the accuracy of . . . the assertion in Note 1 to SMFF's financial statements that SMFF assets were in fact segregated . . . ."  Report ¶ 434.

---

[1] The defined terms are the same in this Reply as in PwC's Memorandum of Law in support of its motion to strike, dated August 7, 2012 ("PwC Mem.").  Plaintiffs' Response, dated August 28, 2012, is referred to as "Pls. Response."

- Wallace Report: "PwC further concealed the fact that SMFF assets at RCM were not segregated by omitting from SMFF's financial statements disclosure of the protections afforded segregated assets." *Id.* at 144 (title heading for section I.3).

- Wallace Affidavit, incorporated by reference in Wallace's Report in its entirety (*see* Report ¶ 435): The entire affidavit is devoted to PwC's audit work because Plaintiffs submitted it for the purpose of avoiding dismissal of their audit-related claims. *See* Pls. Obj. to R&R at 1, Sept. 6, 2011 (affidavit is to "correct the Special Master's misunderstandings of GAAS"); Aff. ¶ 36 (summary of opinions with respect to PwC's audits of SMFF and PlusFunds financial statements); *see also id.* ¶¶ 65, 75-83, 101-08, 119-34, 147-49, 210-11.[2]

- Greenberger: "[PwC] knowing that SMFF expected segregation of the excess cash and knowing that SMFF's excess cash had been moved from Refco LLC to RCM, would know to ask for a [sic] the appropriate documentation which should have been in the possession of Refco LLC" but it did not do so in its audit of SMFF. Report ¶ 136.

PwC's position on this motion is straightforward. Because the Court has dismissed with prejudice every claim based on PwC's alleged negligence or intentional wrongdoing in connection with its audit work, Plaintiffs' experts should not be permitted to offer such opinions.

B.   **The Court already has rejected Plaintiffs' assertion that PwC's conduct of its SMFF audit "is relevant to the Refco fraud."**

It is not until late in their brief that Plaintiffs offer a defense of their experts' opinions "regarding PwC's knowing and deliberate omission from SMFF's financial statements [sic] a disclosure regarding the protections afforded segregated assets." Pls. Response at 7. Plaintiffs' sole explanation for the supposed relevance of these audit-related opinions is that they are "actually part of Mr. Wallace's discussion of PwC aiding and abetting the Refco fraud and pertain[] to PwC's knowledge of that fraud." *Id.*; *see also id.* at 8 "([t]his is relevant to the Refco fraud"). But like the Wallace and Greenberger reports themselves, this argument ignores the Court's prior rulings. This link between PwC's audit work and the "Refco fraud" is precisely

---

[2] The Court has twice rejected the Wallace Affidavit in Plaintiffs' unsuccessful challenges to the dismissal of the audit-related claims. Order dated Oct. 24, 2011 at 1 n.1; Reconsideration Order at 5-7.

2

what the Special Master and Judge Rakoff rejected as "specious." As the Special Master concluded:

> The Plaintiffs make absolutely no showing that the audits [of SPhinX and PlusFunds]—either conducted as they were or even as the Plaintiffs say they should have been—would have uncovered the Refco fraud. There is definitely no showing at all that Ferris or the PwC auditing team, by conducting the audits, became aware of the Refco fraud. . . . Accordingly, the claim that PwC and Ferris's work on the audits aided and abetted the Refco fraud fails utterly for lack of a showing of knowledge.

PwC R&R at 17, *adopted by* Order dated October 24, 2011; *see also* Reconsideration Order at 8 (finding the Special Master's reasoning and conclusions regarding the dismissal of the audit-related claims "no less persuasive than previously").

The prior ruling could not be any clearer or more on point. Plaintiffs may not offer an opinion regarding how PwC's audits showed knowledge of, or assistance to, the Refco fraud for a simple reason: The Court dismissed with prejudice that exact claim in the Amended Complaint.

    **C.    PwC hasn't raised any defense that places the conduct of its audits at issue.**

Plaintiffs also argue that they should be able to offer opinions regarding PwC's audits, including Mr. Wallace's affidavit, because these opinions address defenses (or "issues") raised by PwC. Pls. Response at 8-9 (section IV, referring to reports by defendants' experts Markham and Stulz), 9-10 (section V, referring to the footnotes to the SMFF financial statements).

This is yet more misdirection. Neither the Markham nor Stulz reports submitted by certain Defendants mentions the conduct of PwC's audits. Instead, as Plaintiffs acknowledge, these experts opine about segregation under the Commodities Exchange Act and Commodities Futures Trading Commission rules. Pls. Response at 8-9. Plaintiffs' experts' opinions, by contrast, relate to PwC's alleged "failure to implement appropriate audit procedures to confirm

whether SMFF's assets were properly segregated." *Id.* at 8. These opinions are just an attempted end-run around the dismissal of Plaintiffs' audit-related claims.

Even harder to fathom is Plaintiffs' refusal to let go of Mr. Wallace's twice-rejected affidavit, which he "incorporates" into his report. Despite its focus on the dismissed audit-related claims, Plaintiffs assert that the affidavit is appropriate because PlusFunds' witnesses have been questioned about the content of note 9 in SMFF's financial statements. Pls. Resp. at 9-10. This is nonsense. The meaning of that note may be an issue in this case, but Mr. Wallace does not merely offer an alternative interpretation of that note. Instead, he addresses it in terms of PwC's obligations under GAAS and PwC's supposed actual knowledge *through its audit work* that the note was false and misleading. *See* Wallace Report ¶ 435 (discussing note 9 and PwC's "knowledge," and incorporating by reference his affidavit). Again, this is just another way Plaintiffs are attempting to circumvent the previous narrowing of their case against PwC.[3]

## II.  THIS COURT SHOULD STRIKE OPINIONS RELATING TO LOOTING OF CUSTOMER ASSETS.

PwC also moved to strike opinions that the professionals who provided advisory services to Refco knew that Refco was wrongfully transferring customer assets from RCM to other Refco entities (so-called "looting"). The bulk of Plaintiffs' brief is devoted to this portion of PwC's motion. Pls. Response at 1-6. Plaintiffs also confuse the issue on this subject.

As an initial matter, Plaintiffs address a point that is not even at issue on PwC's motion. They argue that Refco's Note B disclosure regarding segregation in its Amended S-4 was misleading, that PwC assisted with this disclosure, and therefore that Plaintiffs' expert witnesses should be able to opine that Note B was misleading as part of the remaining claim for aiding and

---

[3] And Mr. Wallace does not need to "incorporate" his affidavit to make this point because his report itself makes the same point (along with other paragraphs that were copied and pasted from the affidavit). *See* Pls. Response at 9-10.

4

abetting Refco's financial statements fraud.  Pls. Response at 4 (*citing* Wallace Report ¶ 361; Greenberger report ¶ 90); *see generally* Wallace Report ¶¶ 356-62.  PwC, however, has not moved to strike any of these paragraphs, which do *not* refer to PwC's purported knowledge of wrongful transfers.  *See* PwC Mem. at 7 and Appendix.[4]

When Plaintiffs do address what's at issue, they miss the point of PwC's motion.  PwC moved to strike the opinion that "PwC knew about the looting of RCM customer cash" because the Court dismissed claims against PwC that are based upon allegations that PwC knew that transfers of customer assets from RCM to other Refco entities were wrongful or unauthorized.  *See* PwC R&R at 25 (failure to allege that "PwC became aware of the upstreaming from RCM and knew that it was a breach of fiduciary duty"); *id.* at 28 (failure to allege that knowledge that transfers out of RCM were "unauthorized").  Plaintiffs continue to pretend that these rulings do not exist.  To be sure, their aiding and abetting fraud claim, which is based on allegations that PwC knew about the masking of a related party receivable through round-trip loans, and that PwC assisted in the concealment of that fraud in the LBO and IPO documents, has not been dismissed at this point.  However, that provides no support for the assertion that Mr. Wallace should be allowed to opine that PwC substantially assisted "Refco in misrepresenting that RCM was a regulated entity that segregated assets, *thereby* concealing the *looting* of RCM customers." Pls. Response at 5 (emphasis added); *see also* Wallace Report ¶¶ 352-54 (opining that "PwC knew about the looting of RCM customer cash").  Those opinions directly conflict with the

---

[4]   Contrary to Plaintiffs' suggestion (Pls. Response at 5 n.3), at the appropriate time PwC will argue that some of Mr. Wallace's opinions are not relevant, including the one relating to Note B, because there is no causal link between the alleged right of segregation and the Refco fraud that is the subject of the sole remaining claim against PwC.  *See* Primary Violations R&R at 37; PwC Mem. at 1 n.1.

5

Court's prior rulings, which dismissed with prejudice the claims premised on PwC's purported knowledge of wrongful transfers–*i.e.*, "looting."

Indeed, Plaintiffs admit that they are disregarding these rulings. They assert that "[r]egardless of the adequacy of the *allegations* of scienter . . . the actual evidence adduced in discovery . . . demonstrates that PwC . . . actually knew of the 'upstreaming' of those assets to other Refco entities." Pls. Response at 6. This gets civil procedure completely backward: Plaintiffs cannot resurrect through an expert claims that died on the pleadings. Once the Court dismissed with prejudice the wrongful upstreaming-related counts, expert testimony regarding those claims is simply "no longer relevant." *Lichtenstein v. Triarc Cos., Inc.*, No. 02 Civ. 2626 (JCF), 2004 WL 1087263, at *13 (S.D.N.Y. May 14, 2004). Plaintiffs have no response to the cases PwC cited for this fundamental proposition. *See* PwC Mem. at 6-7. This Court should strike all opinions relating to PwC's alleged knowledge of the looting of customer assets.

### III. CONCLUSION

This Court should grant PwC's motion to strike the opinions of Messrs. Wallace and Greenberger relating to dismissed claims.


Dated: New York, New York
       September 7, 2012

                                        KING & SPALDING LLP


                                        By:      /s/ James J. Capra, Jr.
                                            James J. Capra, Jr.
                                            James P. Cusick
                                            1185 Avenue of the Americas
                                            New York, New York 10036
                                            Tel: (212) 556-2100

                                            *Attorneys for Defendant*
                                            *PricewaterhouseCoopers LLP*

6